BOWERS v. CITY OF HIGH POINT

[110 N.C. App. 862 (1993)]

JAMES A. BOWERS, JR., JAMES A. BRANSON, BENJAMIN BROCKMAN, VAUGHN W. CRABB, BILLY R. GANT, HENRY L. JONES, LYMAN F. LANCE, JR., LARRY R. PENDRY, BILLY W. RICH, JERRY T. RICH, LINDSAY P. ROYAL, DAVID F. THOMPSON, PAUL D. WOOD, JR., AND MORRIS J. YANDLE, PLAINTIFFS v. CITY OF HIGH POINT, DEFENDANT

No. 9218SC732

(Filed 6 July 1993)

**1. Municipal Corporations § 219 (NCI4th) — former law enforcement officers — retirement benefits — authority of city to enter into oral contract**

Defendant city had the authority to enter into an oral contract with plaintiffs, former law enforcement officers employed by defendant city who accepted early retirement, promising plaintiffs pension benefits, since N.C.G.S. § 143-166.42 expressly authorizes municipalities to fix the "special separation allowance" for its officers.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 493 et seq.**

**2. Municipal Corporations § 219 (NCI4th) — Assistant City Manager — authority to calculate benefits for retiring employees — contract binding on city**

The Assistant City Manager had the authority to enter into a contract fixing the rate of the "special separation allowance" for defendant city, since defendant had adopted the council-manager form of government; as a duly appointed officer of the city, the Assistant City Manager's duties consisted of "assisting the City Manager in a variety of assignments relating to the planning, direction, control and evaluation of the operations and programs of the personnel, police, fire and transportation departments"; pursuant to these provisions, the Assistant City Manager assumed responsibility for implementing the "special separation allowance" for the law enforcement personnel; the calculation required for implementation of the allowance was performed properly in the distribution of administrative duties called for by a council-manager form of government; and the Assistant City Manager's promise of benefits to plaintiffs was therefore a binding contract on defendant city.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 493 et seq.

3. **Municipal Corporations § 234 (NCI4th)— computation of severance pay—contract by Assistant City Manager—contract not ultra vires the city**

There was no merit to defendant's contention that the Assistant City Manager made a "mistake" when he advised plaintiff former law enforcement officers that their statutorily required severance pay would be based upon their regular salary plus vacation, longevity, and overtime, nor was there merit to defendant's contention that such a promise, regardless of who made it, was *ultra vires* the city because the legislature specified the basis for the payment as being the "base rate of compensation" and no one in the city had authority to calculate the separation allowance otherwise, since there was no fixed legal definition of "base rate of compensation" from which the Assistant City Manager was to compute the allowance; the applicable statutes gave the city broad statutory authority to interpret "base rate of compensation" in determining the "special separation allowance"; the Assistant City Manager clearly researched the matter, consulted with various knowledgeable people, and made a reasoned judgment which was within his authority to do; and even if there was a question with respect to whether the Assistant City Manager had the authority to enter this contract, the city would be estopped to deny the validity of the contract it made to provide plaintiffs with a "special separation allowance" based on twelve months' salary including longevity, vacation, and overtime pay.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 523.

Appeal by defendant from judgment entered 20 May 1992 in Guilford County Superior Court by Judge Thomas W. Ross. Heard in the Court of Appeals 3 June 1993.

Plaintiffs instituted this action against the City of High Point seeking recovery of the reductions in the amount of the "special separation allowance" which plaintiffs are allegedly entitled to pursuant to an oral contract with defendant City. The forecast of evidence presented is as follows: Plaintiffs are all former law enforcement officers employed by defendant City and who accepted

early retirement after 1 January 1987. N.C. Gen. Stat. § 143-166.42, effective 15 July 1986, requires defendant City to pay a "special separation allowance" or pension to all eligible law-enforcement officers employed by it who retire on or after 1 January 1987. It is undisputed that plaintiffs are qualified for and entitled to such "special separation allowance."

Prior to accepting early retirement, plaintiffs were promised by Mr. Randall Spencer, who was, at that time, the Assistant City Manager for Personnel and Public Safety, that they were entitled to the "special separation allowance" which would be computed by using their final twelve months' compensation, including longevity pay, accrued vacation pay, and overtime pay. Plaintiffs were paid the "special separation allowance" so computed until 16 March 1990. Since that time, defendant City has reduced the allowance being paid to plaintiffs by calculating the allowance upon the officers' final twelve months' compensation excluding longevity, overtime and accrued vacation compensation. Defendant City asserts that the prior payments did not reflect the "base rate of compensation" as designated under N.C. Gen. Stat. § 143-166.41.

Both plaintiffs and defendant City filed motions for summary judgment. The trial court allowed plaintiffs' motion for summary judgment and denied defendant City's motion. Defendant City appeals.

*Byerly & Byerly, by W. B. Byerly, Jr., for plaintiffs-appellees.*

*Fred P. Baggett, High Point City Attorney; and Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr.; for defendant-appellant.*

WELLS, Judge.

The sole question before us is whether the trial court erred in granting plaintiffs' summary judgment motion and in denying defendant's summary judgment motion. Defendant City argues that because G.S. § 143-166.41 specifically states that the "special separation allowance" is to be calculated using the "base rate of compensation," the City had no authority to provide plaintiffs with an allowance which, the City contends, exceeded the statutory "mandate," and any attempt to do so was *ultra vires* the City. We disagree.

Plaintiffs' breach of contract claim is based upon the express oral contract by defendant City, through its Assistant City Manager.

BOWERS v. CITY OF HIGH POINT

[110 N.C. App. 862 (1993)]

The law enforcement officers contend they were promised a pension which would be based upon their final twelve months' salary, including longevity pay, accrued vacation pay, and overtime pay. This "special separation allowance" was made available to plaintiffs for the purpose of encouraging early retirement, and plaintiffs relied upon defendant City's promise to pay such allowance, when they agreed to retire early. Plaintiffs maintain the City is bound by its oral contract.

[1] The first question is whether defendant City had the authority to enter into an oral contract with plaintiffs, promising them pension benefits. The legislature has expressly authorized municipalities to fix the "special separation allowance" for its officers under G.S. § 143-166.42. That section provides "the governing body for each unit of local government shall be responsible for making determination of eligibility for their local officers . . . and for making payments to their eligible officers . . . according to the provisions of G.S. 143-166.41." The City, therefore, had the authority to enter into this type of contract fixing compensation.

[2] Defendant City contends that Randall Spencer, in his capacity as Assistant City Manager, did not have the authority to enter into a contract fixing the rate of the "special separation allowance" under G.S. § 143-166.42 because he was not the "governing body" for the City of High Point. This argument has no basis in law or fact.

As stipulated by the parties, the City of High Point has adopted the council-manager form of government, as provided by N.C. Gen. Stat. § 160A-147, et seq. Under this system, the City of High Point has assumed a "centralized personnel system under the direction of the city manager." High Point City Code, Art. A, § 4-2-1. At the time plaintiffs were promised their pension, H. Lewis Price was the duly appointed and acting City Manager, and Randall Spencer was the duly appointed and acting Assistant City Manager for Personnel and Public Safety, whose responsibilities included personnel administration for the City's work force including the police department. As a duly appointed officer of the City, Assistant City Manager Spencer's duties consisted of "assisting the City Manager in a variety of assignments relating to the planning, direction, control and evaluation of the operations and programs of the personnel, police, fire and transportation departments." (Emphasis added) (Plaintiffs' Exhibit C).

Pursuant to these provisions, the Assistant City Manager assumed responsibility for implementing the "special separation allowance" for the law enforcement personnel under his supervisory authority of the personnel and police departments. Far from being an unlawful exercise of discretionary authority, the calculation required for implementation of the "special separation allowance" was performed properly in the distribution of administrative duties called for by a council-manager form of government. The Assistant City Manager's promise of benefits to plaintiffs was therefore a binding contract on the City. Furthermore, we note that the City Manager, under whose supervision the Assistant City Manager acts, accepted and ratified the retirement benefits compensation package by sending a letter of appreciation and confirmation to retiring law enforcement personnel.

[3]    Defendant City next contends that the Assistant City Manager made a "mistake" when he advised the appellees that their statutorily required severance pay would be based upon their regular salary plus vacation, longevity and overtime. Defendant City further asserts that such a promise, whether made by the Assistant City Manager, the City Council or any governing body of the City, is *ultra vires* the City, because the legislature specified the basis for the payment as being the "base rate of compensation" and no one in the City had authority to calculate the separation allowance otherwise. We disagree.

After carefully reviewing the record, we find no facts which would indicate that the Assistant City Manager's calculated "special separation allowance" was in any way the result of a mere "mistake." According to his affidavit, the Assistant City Manager calculated the allowance owed to plaintiffs under G.S. § 143-166.42 without the benefit of any written guidelines, statutory directive or legal interpretation of that section. There was no fixed legal definition of "base rate of compensation" from which he was to compute the allowance. In addition, G.S. §§ 143-166.41 and 143-166.42 of the North Carolina General Statutes give the City broad statutory authority to interpret "base rate of compensation" in determining the "special separation allowance."

In making his determination, the Assistant City Manager indicated in his affidavit the following:

4. . . . . [T]he affiant relied on his own reading of G.S. 143-166.42, informal consultations with other local government

personnel administrators in the State, the High Point City Attorney at that time, and the North Carolina League of Municipalities for assistance in interpreting the requirements of G.S. 143-166.42.

5. Based on the best information available to the affiant at the time he interpreted the requirements of G.S. 143-166.42, the affiant concluded that the components of the special separation allowance would include longevity pay, overtime pay, and accrued vacation, in addition to base rate of compensation. This conclusion was consistent with the calculation of benefits in the N.C. Local Governmental Employees Retirement System and with the opinions of those with whom the affiant consulted at that time.

Mr. Spencer's statements reveal that he clearly researched the matter, consulted with various knowledgeable persons, and made a reasoned judgment which was, as discussed above, within his authority to do. Therefore, his promise to pay the "special separation allowance" including vacation, longevity and overtime was not *ultra vires* the City.

Our Court in *Pritchard v. Elizabeth City*, 81 N.C. App. 543, 344 S.E.2d 821, *disc. rev. denied*, 318 N.C. 417, 349 S.E.2d 598 (1986), addressed a factually similar situation and set forth the applicable rules under these circumstances in a suit against a municipality:

It is true that, generally, a municipality cannot be made liable for breach of an express contract for services when the official making the contract has exceeded his or her authority by entering into such a contract. 56 Am Jur. 2d *Municipal Corporations* Sec. 504. And the city will not ordinarily be estopped to assert the invalidity of a contract made by an officer of limited authority when that authority has been exceeded. *Id.* Sec. 528.

*However, such a contract may become binding and enforceable upon the corporation through the doctrine of estoppel based upon the acts or conduct of officers of the corporation having authority to enter into the contract originally, as by receiving the benefits of the contract, or other grounds of equitable estoppel. A municipality cannot escape liability on a contract within its power to*

> *make, on the ground that the officers executing it in its behalf were not technically authorized in that regard, where they were proper officers to enter into such contracts.*

*Id.* at 585-86 (footnotes omitted and emphasis added).

Applying these principles to the case at bar, even if there were a question with respect to whether the Assistant City Manager had the authority to enter this contract, the City would be estopped to deny the validity of the contract it made to provide plaintiffs with a "special separation allowance" based upon twelve months' salary including longevity, vacation and overtime pay.

It appearing that the materials before the trial court did not present any disputed issues of fact but only questions of law, summary judgment was an appropriate disposition.

For the reasons stated, the order below is hereby

Affirmed.

Judges COZORT and JOHN concur.